IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>BRYCE HANS PLOWER,<br><br>Defendant. | Case No: 24-CR-00091<br><br><br>DEFENDANT'S SENTENCING MEMORANDUM |

COMES NOW the Defendant Bryce Hans Plower, by and through the undersigned counsel, and in support of his recommendations for sentencing states the following:

## INTRODUCTION

On October 23, 2024, a three-count indictment was filed in the North District of Iowa charging the Defendant, Bryce Hans Plower, with the following: Count One: Sexual Exploitation and Attempted Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a), 2251(e), Count Two: Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and Count Three: Possession of Child Pornography in violation of 18 U.S.C. § 2252A (a)(5)(B) and 2252A(b)(2). On April 17, 2025, pursuant to a plea agreement, the Defendant pled guilty to Counts One and Three in exchange for the dismissal of Count Two. On May 2, 2025, the Honorable Chief United States District Court Judge C.J. Williams formally accepted Mr. Plower's plea.

On July 31, 2025, a Presentence Investigation Report ("PSR") was completed by the U.S. Probation Office. In response to the PSR, Mr. Plower filed a list of objections to the PSR.

1

## FACTS

Prior to Mr. Plower's arrest, he was a beneficial member of society. Mr. Plower does not have any relevant criminal history, and has a criminal history score of zero according to the sentencing table in USSG Chapter 5, Part A establishing a criminal history category of I. *See* PSR para, 96-7. Mr. Plower was a resident of Prairieburg, Iowa. He grew up in a loving household, with his mother and half-brother less his absent father who left his family when he was just two years old. *See* PSR para, 102. Mr. Plower had a fulfilled childhood and shares close relationships with majority his immediate and distant family members. *See* PSR para, 104. Mr. Plower received his high school diploma in May of 2006. *See* PSR para, 111. He furthered his education at Kirkwood Community College and earned an associate's degree in Business Administration and Marketing in 2010. *See* PSR para, 112. Mr. Plower began working at Hy-Vee stocking shelves, and later transferred to the pharmacy department. Through his employment at Hy-Vee, Mr. Plower successfully obtained his Pharmacy Technician Certification and continued employment in the Hy-Vee Pharmacy. Mr. Plower has always been dedicated to the betterment of himself.

Mr. Plower's friends and family would describe him as a great and dependable man; however, he is often described as lonely. Mr. Plower's closest relationships are with his family. He does not have many friends, and that can be attributed to his feelings of loneliness. Due to the lack of intimacy, Mr. Plower maintained conversations with individuals through various social media sites including Snapchat and Instagram. Between September 2020 and July 2024, Mr. Plower engaged in conversations that were sexual in nature and received sexually explicit photographs from individuals that were presumed to be minors. *See* PSR, para 6. In May of 2023, the Iowa Division of Criminal Investigation received information from the Tampa Police Department identifying Mr. Plower through his Instagram Account "pimpinainteasy351" as an

account purchasing child sex abuse material (CSAM). *See* PSR para, 16. On July 19, 2024, law enforcement applied for a search warrant of Mr. Plower's home and seized his electronics and determined that there were sexually explicit conversations and sexually explicit photos with five minors as alleged. *See* PSR para, 16. Mr. Plower plead guilty to Counts One and Three in exchange for this honorable Court dropping Count Two and his plea was accepted on May 2, 2025.

## LAW AND ARGUMENT

The sentencing proceeding is a 3-step process that begins with a calculation of the Sentencing Guidelines range. *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008). The court then makes "an individualized assessment based on the facts presented" while also considering all of the factors listed in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 59-60; 128 S. Ct. 586, 597; 169 L. Ed. 2d 445, 457 (2007). The final step allows the district court substantial latitude to vary from the Sentencing Guidelines by comparing them with the §3553(a) factors and presenting support for variance and the extent thereof. *See United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009); *Braggs*, 511 F.3d at 812.

1. **SENTENCING GUIDELINE CALCULATION**

The first step in the sentencing process involves the calculation of the Sentencing Guidelines range, beginning with an assessment of the defendant's criminal history and the application of relevant offense-specific enhancements and deductions.

Count 1 and Count Three are grouped for guideline calculation purposes because they involve the same victim, and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan under USSG § 3D1.2(b). There were five minors involved in Mr. Plower's conduct and if the offense involved the exploitation of more

than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction, the greater of the adjusted offense levels calculated is used in determining Mr. Plower's sentencing guideline.

The Count with the highest adjusted offense level is for minor S.F which is detailed as follows: U.S.S.G. § 2G2.1(a) establishes a base offense level of 32. U.S.S.G. § 2G2.1(a). *See* PSR, para 41. A two-level upward adjustment was applied because the offense involved a minor who had not attained the age of 16 years under USSG § 2G2.1(b)(1). *See* PSR, para 42. A four-level upward adjustment was applied because the offense involved the commission of a sexual act or sexual contact under USSG § 2G2.1(b)(2)(A). *See* PSR, para 43.

Finally, a two-level upward adjustment was applied because the offense involved the knowing misrepresentation of Mr. Plower's identity to persuade induce, entice or coerce a minor to engage in sexually explicit conduct, or (ii) solicit participation with a minor in sexually explicit conduct under USSG §2G2.1(b)(6). The total adjusted offense level for the greatest offense is 42. The offense level is increased pursuant to the number of units assigned by the amount indicated in the table at USSG §3D1.4, which indicates a four-unit increase. The Combined adjusted offense level is determined by taking the offense level applicable to the group with the highest offense level and increasing it by the amount indicated in the table at SSG § 3D1.4. The Combined Adjusted Offense Level here is 46.

Five units were added pursuant to USSG §§ 4B1.5(a) and 4B1.5(b)(1). As a result of Mr. Plower's acceptance of responsibility, the offense level is decreased by two levels USSG §3E1.1(a) and an additional one level reduction is likely for the acceptance of responsibility under USSG §3E1.1(b). Pursuant to Chapter 5, Part A (comment n. 2) the total offense level is decreased to 43 because the calculation was in excess of 43.

Count One and Count Three are grouped for guideline calculation purposes because they involve the same victim, and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan under USSG § 3D1.2(b). Therefore, the sentencing guideline calculated for Count One is also representative of Count 3.

The Sentencing Table in USSG Chapter 5, Part A indicates that a Total Offense Level of 43 and a Criminal History Category of I is life imprisonment. However, the statutorily authorized maximum term of imprisonment under 18 U.S.C. § 2251(e) for a violation of 18 U.S.C. § 2251(a) is 30 years, and not less than 15 years. Additionally, the statutorily authorized maximum term of imprisonment under 18 U.S.C. § 2252A(b)(2) shall not exceed 20 years.

2. **A DOWNWARD VARIANCE IN ACCORDANCE WITH 18 U.S.C. § 3353(A) IS WARRANTED.**

A downward variance is warranted here. A sentence of 240 months for Count One to be served concurrently to Count Three is more appropriate and in accordance with the factors set forth in § 3353(a). This sentence is sufficient to reflect the seriousness of the offense, to respect the law and to provide just punishment for the offense.

Following the calculation of the sentencing guideline range, an analysis of the facts of the case must be conducted to determine "any appropriate departures from the guidelines." *United States v. Shannon*, 414 F.3d 921, 923 (8th Cir. 2005). The Court then makes "an individualized assessment based on the facts presented" while also considering all of the factors listed in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 59-60; 128 S. Ct. at 597; 169 L. Ed. 2d at 457 (2007). A departure is simply an assertion that the Total Offense Level is incorrect or inappropriate and should be altered to accurately fit the facts of the case. *United States v. Chase*, 451 F.3d 474, 482 (8th Cir. 2006). A variance, on the other hand, is an analysis of the following 3553(a) factors from

which the Court may vary the sentence regardless of the total offense level or the criminal history category based on the factors of 3553(a). *United States v. Vandebrake*, 771 F. Supp. 2d 961, 999 (N.D. Iowa 2001).

The purpose of this individualized assessment is to determine whether a variance is appropriate in the matter at hand. The primary directive in section 3553(a) is for the sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or the correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) (2020).

In determining the minimally sufficient sentence, section 3553(a) further directs the sentencing courts to consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

18 U.S.C. § 3553(a) (2020). The Court is granted a great deal of discretion in making a variance determination. *Ruelas-Mendez*, 556 F.3d at 657 (8th Cir. 2009); *Feemster*, 572 F.3d at 464 (8th Cir. 2009); *Braggs*, 511 F.3d at 812.

Mr. Plower has a criminal history score of zero, which is a criminal history category I. In 2006, Mr. Plower was arrested and charged with Operating While Intoxicated (Docket No. OWCR070251). Mr. Plower received a deferred judgment and one year of probation and complied with all of the stipulations of that judgment which resulted in the discharge of this offense in 2008. This portrays Mr. Plower's ability to realize the impact of his actions and cause for the implementation of change in his actions. Mr. Plower went a step further, and discontinued frequent use of alcohol, and prior to his arrest would only engage in drinking alcohol during the holidays. *See* PSR, para. 108.

Further, this sentence would provide for adequate justice for the law. As the court in *Dorvee* suggests, the sentencing guidelines for offenses such as those that Mr. Plower was charged and plead guilty to can often lead to excessive guidelines due to the enhancements that attach to these offenses. *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010). This can be seen in Mr. Plower's sentencing guideline. The United States Guideline determination for Mr. Plower was life imprisonment. This is excessive for a first-time offender as the defendant. Several enhancements were added on to Mr. Plower's sentence that increased the adjusted total. As a result, the sentencing guidelines should be acknowledged but are not binding on this Honorable Courts decision. A sentence of 240 months, on each count to run concurrently would provide just punishment while providing an individualized assessment for Mr. Plower. Mr. Plower never engaged in physical sexual conduct with the minors named in the PSR. There is a clear distinction between Mr. Plower's conduct and a defendant who physically abuses a minor. Mr. Plower's communications

occurred solely online. Adequate deterrence in addition to the term of imprisonment of 240 months includes computer monitoring software installed by the United States Probation Office on any electronic devices possessed or used by Mr. Plower. This would also prevent any further crimes from being committed by Mr. Plower considering the offenses occurred online. Additionally, Mr. Plower does not have frequent occurrences with minors, therefore reducing the likelihood that Mr. Plower would be in contact with a minor.

While there must exist a reason to depart from the Sentencing Guidelines, the "high volume of downward variance is strong testimony to the fact that the Guidelines cannot be routinely applied in a fair way when it comes to this particular crime." *United States v. Buesing*, 615 F.3d 971, 974 (8th Cir. 2010). (referring to possession of child pornography). Mr. Plower's guideline starts at 32 and with each additional aspect of the offense the base level is adjusted upward 2-4 levels. Mr. Plower final guideline level resulted in life imprisonment. The nature, duration, and conduct of Mr. Plower's offense does not constitute a sentence of or close to life imprisonment. Mr. Plower engaged in sexually explicit conversations, received sexually explicit photographs and videos, and possessed sexually explicit photos and videos. The entirety of the conduct spanned just four years. Additionally, Mr. Plower never attempted to physically engage with any of the individuals he conversed with, nor were any plans made. However, here, if the Government is recommending Mr. Plower be sentenced to the statutory maximum on each count to be run consecutively, this results in a sentencing disparity.

There is a need to maintain sentencing uniformity for violations of the same statute as Mr. Plower was charged and pled guilty to avoid a sentencing disparity. In *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), the Second Circuit vacated a sentence that was deemed excessively harsh given the nature of the offense, which did not involve direct contact with

minors. The court emphasized the need for sentences to be proportionate to the actual conduct and the potential for rehabilitation.

Similarly, in *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010), the Third Circuit highlighted the importance of individualized sentencing and the avoidance of mechanical application of guidelines that could lead to unjust outcomes. The court stressed that sentences should be tailored to the specific circumstances of the case, particularly when the conduct does not involve direct exploitation.

In *United States v. Vanhorn*, the defendant plead guilty taking sexually explicit photographs of a minor in violation of 18 U.S.C. § 2251(a) was sentenced to 220 months. The defendant appealed his sentence, and the 8th circuit found this sentence to be substantively reasonable. *United States v. Vanhorn*, 740 F.3d. 1166 (8th Cir. 2014). Additionally, in *United States v. Overton*, the 9th Circuit affirmed a sentence of 235 months followed by a lifetime term of supervised release for Two Counts of Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a) and (b) and One Count of Receipt and Possession of Child Pornography. The defendant conduct included sexual physical conduct and taking explicit photographs of his stepdaughter. *United States v. Overton*, 573 F.3d. 679 (9th Cir. 2009).

In further support of a downward variance, in U.S. v. Barrow, a 15 year sentence was affirmed on appeal after defendant plead guilty to: one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a); one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A); and two counts of Distributing Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1). *U.S. v. Barrow*, 462 Fed. Appx. 943 (11th Cir. 2012). Lastly, in United States v. McDade, the defendant plead guilty to Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a) after the defendant had forced sexual intercourse and

oral sex with a minor. The defendant was sentenced to 240 months' imprisonment and lifetime supervised release.

Similar to the cases referenced above, a downward variance is warranted to avoid the disparity, and to emphasize a distinction in physical sexual relations with minors, or forcibly engaging in sexual conduct with minors opposed to sexual exploitation lacking physical conduct or plans to engage in direct physical exploitation.

In *Gall*, the Court held that district courts have broad discretion to impose sentences outside the advisory guidelines range when justified by the specific facts of a case. Here, mitigating factors such as the defendant's lack of prior criminal history, demonstrated remorse, efforts at rehabilitation, and strong familial support justify a variance. These factors align with § 3553(a)'s directive to impose a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing. A downward variance would appropriately balance the severity of the offense with the defendant's unique characteristics and the interests of justice.

3. **U.S.S.G §5G1.2 DOES NOT REQUIRE CONSECUTIVE SENTENCES.**

USSG §5G1.2 directs consecutive sentences only "to the extent necessary to produce a combined sentence equal to the total punishment." USSG § 5G1.2(d). But *Booker* made clear that the Guidelines are not binding. *United States v. Booker*, 543 U.S. 220 (2005). The Court may decline to impose consecutive sentences where doing so would conflict with § 3553(a). *See* Gall v. United States, 552 U.S. 38, 50 (2007) (a District Court may not presume that the Guidelines range is reasonable without making an individualized assessment.) Additionally, in United States v. Hansen, the court held that the defendant's 2,880-month sentence as a result of consecutive sentences under USSG § 5G1.2(d) for sexual exploitation was excessive, reasoning that the crime could have been worse because there was no evidence that the defendant engaged in physical

sexual abuse. The defendant was resentenced to 480 months for Count One and the remaining eight Counts would run concurrently. *United States v. Hansen*, 944 F.3d 718 (8th Cir. 2019).

A concurrent sentence acknowledges the seriousness of the conduct while avoiding the distortions produced by mechanically stacking maximum sentences on each count. The offense conduct here is serious but importantly distinct from the conduct that usually justifies life imprisonment as the total imprisonment. Mr. Plower's conduct involved engaging in online conversations with minors, receiving explicit photographs and videos, and occasionally sending some small payments for these lewd photographs and videos but there was no physical sexual abuse or contact. By stacking counts consecutively, the Guidelines erase the critical distinction between, non-contact online posing and communications, and hands-on sexual abuse, molestation, or production of child pornography involving actual minors. Similar to *Hansen*, Mr. Plower did not plan or intend on meeting the individuals named in the complaint, therefore no physical sexual assault was reasonably expected to occur. Similarly, by stacking the sentences in order to get closer to the total punishment as calculated in the PSR, Mr. Plower would be excessively punished for his conduct.

This case reflects the principle that §5G1.2(d) should not be applied mechanically, but in a way that remains faithful to §3553(a)'s command to impose a sentence sufficient but not greater than necessary.

## CONCLUSION

The Defendant respectfully requests that this Honorable Court impose concurrent sentences pursuant to U.S.S.G. § 5G1.2(b) and grant him a downward variance in accordance with §3353(a). Mr. Plower suggests that a sentence of imprisonment of 240 months for Count One, and a 240-month sentence of imprisonment for Count Three to be run concurrently would be "sufficient, but not greater than necessary" to meet the objectives of § 3553(a). While Mr. Plower understands the severity of the offense, this sentence is justified by Mr. Plower's conduct.

RESPECTFULLY SUBMITTED:

    /s/ Aaron D. Hamrock
Aaron D. Hamrock (AT0003107)
McCARTHY & HAMROCK, P.C.
1200 Valley West Drive, Ste. 400
West Des Moines, IA 50266
Tel. No. 515/279-9700
Facsimile No. 515/279-8355
Email: aaron@mccarthyandhamrock.com
ATTORNEY FOR DEFENDANT.

Original Filed Electronically.

Electronically Copied to:

Devra Hake
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa 52401
devra.hake@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: ☐ U.S. Mail ☐ FAX
☐ Hand Delivered ☐ Overnight Courier
☐ Federal Express ☒ Other: Electronically

Signature: _____/s/ Amanda M. Neff_____